IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KENDRICK R. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-212 |
| | ) | |
| EDWARD PHILBIN, Warden; TOMMY TREMBLE, Deputy Warden of Security; LARRY REDD, Assistant Deputy Warden of Security; CLIFFORD BROWN, Unit Manager over the 11-B area; ORBEY HARMON, Captain, Chief of Security; QUATERRIO MOSS, Prison Guard; FREDRICK PRYOR, Prison Guard; MS. HALL, Prison Guard; LATOYA STRAWBRIDGE, Prison Guard; MS. JACKSON, Lieutenant; REGINA JOHNSON, Prison Nurse; LARRY SIMS, Prison Doctor; MR. BEST, Prison Guard; MS. WISNER, Prison Guard; and MS. PLATT, Facility Investigator, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Valdosta State Prison, filed his complaint pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect

potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I. **SCREENING THE AMENDED COMPLAINT**

A. **BACKGROUND**

Plaintiff names the following Defendants:  (1) Edward Philbin, Warden; (2) Tommy Tremble, Deputy Warden of Security; (3) Larry Redd, Assistant Deputy Warden of Security; (4) Clifford Brown, Unit Manager over 11-B area; (5) Orbey Harmon, Captain and Chief of Security; (6) Quaterrio Moss, Guard; (7) Fredrick Pryor, Guard; (8) Ms. Hall, Guard; (9) Latoya Strawbridge, Guard; (10) Ms. Jackson, Lieutenant; (11) Regina Johnson, Nurse; (12) Larry Sims, Doctor; (13) Mr. Best, Guard; (14) Ms. Wisner, Guard; and, (15) Ms. Platt, Facility Investigator. (Doc. no. 22, p. 2.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On September 18, 2018, Plaintiff resided in Unit 11, B-Wing, Dorm 1, cell 213. (Id. at 11.)  Defendants Moss and Pryor handcuffed Plaintiff behind his back in preparation for exiting his cell and moving to the 11-B-lockdown recreation yard. (Id. at 11-12.)  Upon entering the yard, an unknown inmate came out of his single man yard pen and began stabbing Plaintiff in the head with a homemade knife, despite a policy at ASMP to search inmates housed in segregation prior to allowing them to leave their cells to ensure they have no contraband. (Id. at 12.)  During the assault, Defendants Moss, Pryor, Hall, Strawbridge, and Jackson "just stood there and allowed the unidentified inmate to repeatedly stab Plaintiff Martin in the head." (Id. at 12-13.)  None of these Defendants attempted to protect Plaintiff or "restrain the attacker." (Id. at 13.)  When Defendant Moss instructed the attacker "that was enough," the attack immediately stopped, and Defendants Moss and Pryor separated Plaintiff and his attacker. (Id.)

2

Plaintiff was left bleeding in the yard pen for over thirty minutes before Defendants Moss, Pryor, Strawbridge and Brown took Plaintiff to a single man pen in a different area for another thirty minutes.  (Id. at 13-14.)  Defendant Brown and other individuals not named as Defendants then took Plaintiff to the medical unit.  (Id. at 14.)  Defendant Johnson examined Plaintiff and cleaned his wounds.  (Id.)  She then informed Defendant Sims the wounds were superficial, and after prescribing pain medicine and ice, Defendant Sims cleared Plaintiff without further examination.  (Id. at 15.)  Plaintiff returned to his same dorm, where his attacker was also housed.  (Id.)  Plaintiff filed a grievance on September 21, 2018, submitted affidavits detailing his fear of being placed back in the same dormitory as his attacker, and maintains Defendants Philbin, Tremble, Redd, Harmon, Brown, and Platt thus knew that placing him back in the same dormitory presented a safety risk to Plaintiff.  (Id.)

On October 3, 2018, Defendant Best cuffed Plaintiff prior to his transport from the lockdown recreation yard back to his own cell, a policy required at ASMP for moving inmates assigned to the segregation unit.  (Id. at 16.)  Defendant Best opened the cell door, and as Plaintiff entered the cell, "he was immediately attacked by two unidentified inmates who the officers had gave access to get in Plaintiff Martin's cell without his acknowledgment."  (Id.) Defendants Best and Wisner made no attempt to protect Plaintiff while these two inmates stabbed and beat Plaintiff, and they waited eight to ten minutes before Defendant Best called in an inmate fight.  (Id. at 17.)  When additional officers answered the call for an inmate fight, the attack stopped, and Plaintiff was taken to the local hospital for treatment.  (Id. at 17-18.)  At some later time, one of the attacking inmates in Plaintiff's cell on October 3rd was identified as the same inmate who attacked Plaintiff in the recreation yard on September 18th.  (Id. at 18.)

Plaintiff seeks a declaration his rights were violated, as well as compensatory and punitive damages. (Id. at 21.)

**B.   DISCUSSION**

**1.   Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting

4

Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. No Supervisory Liability

Plaintiff fails to state a claim against Defendants Philbin, Tremble, Redd, Brown, and Harmon based on their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendants Philbin, Tremble, Redd, Brown,

5

and Harmon liable, Plaintiff must demonstrate that either (1) each Defendant actually participated in the alleged constitutional violation, or (2) there is a causal connection between each Defendant's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff appears to name Defendants Philbin, Tremble, Redd (Warden and Deputy Wardens), Brown (Unit Manager)[1], and Harmon (Chief of Security) as Defendants not because of their direct involvement in the events about which he complains, but by virtue of their supervisory positions at ASMP. (See generally doc. no. 22.) Save Unit Manager Brown's actions regarding obtaining medical treatment for Plaintiff on September 18th, Plaintiff does not allege any of these supervisors were present during the alleged unconstitutional act. Similarly insufficient are Plaintiff's references to ASMP policies requiring searching and cuffing inmates prior to moving them, (id. at 12, 16), presumably implying these various supervisors should be held liable for failing to make sure such policies were followed to prevent the attacks on Plaintiff.

Nor can Plaintiff establish these supervisory Defendants were directly involved with the attacks, medical care, or dorm assignment by alleging in conclusory fashion they were "aware" or "informed" about the events of September 18th via affidavits submitted to some unknown person or a grievance Plaintiff wrote about his problem(s). See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (*per curiam*) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they

---

[1]As to Unit Manager Brown, the Court separately addresses the claim in which Plaintiff alleges he was directly involved in delaying medical treatment after the September 18th attack.

6

"personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).

Likewise, Plaintiff must allege a causal connection between each Defendant and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the

7

subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

But for Unit Manager Brown's actions with respect to the alleged delay in obtaining medical treatment for Plaintiff on September 18th, Plaintiff does not draw the necessary causal connection between these supervisory Defendants and any alleged constitutional violations. Plaintiff has not alleged (1) a history of widespread abuse regarding attacks in the recreation pens or personal cells in the segregation unit or with respect to the medical care provided, (2) an improper custom or policy put in place by any Defendant regarding these issues, or (3) an inference any of the supervisory Defendants directed prison employees to act, or knew they would act, unlawfully. To the contrary, Plaintiff alleges there were policies in place to promote inmate safety within the segregation unit and designated recreation areas. Moreover, as discussed below, there are no underlying claims regarding Plaintiff's grievance or medical treatment, and therefore, no supervisory liability possible for those claims. See Dang v. Sheriff, Seminole Cty., Fla., 871 F.3d 1272, 1283 (11th Cir. 2017).

In sum, other than Unit Manager Brown's actions with respect to the alleged delay in obtaining medical treatment for Plaintiff on September 18th, Plaintiff has not shown Defendants Philbin, Tremble, Redd, Brown, and Harmon actually participated in the alleged constitutional violations; nor has he drawn the necessary causal connection to any alleged constitutional violations.

### 3. Grievance Review

Plaintiff alleges Defendant Platt should be held liable because she did not perform an adequate investigation when responding to Plaintiff's grievance regarding the events of September 18, 2018. Under Eleventh Circuit law, "an inmate has no constitutionally-

protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011) (*per curiam*). Thus, any claim that Defendant Platt, or by extension a Warden or Assistant Warden who signed Plaintiff's grievance, mishandled Plaintiff's grievance or improperly denied a grievance fails to state a claim upon which relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate.").

### 4. Disagreement over Medical Treatment

To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (*per curiam*).

To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Melton, 841 F.3d at 1223.

In addition, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner be "perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999); Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); see also Palazon v. Sec'y for Dep't of Corr., 361 F. App'x 88, 89 (11th Cir. 2010) (*per curiam*) (requiring more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" to establish deliberate indifference claim). Furthermore, the Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980)). Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986).

Neither does a mere difference in opinion between prison medical officials and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. Harris, 941 F.2d at 1505; Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989); Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010) (*per curiam*). That is, deliberate indifference cannot be shown simply by arguing that an inmate wanted a different type of treatment. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985)

10

("Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments. . . ."). "The question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Butler v. Prison Health Servs., Inc., 294 F. App'x 497, 499 (11th Cir. 2008) (*per curiam*) (citing Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995)).

Here, Plaintiff appears to allege Defendants Johnson and Sims should have done more to treat Plaintiff's injuries on September 18th.  Notably, however, there is no allegation of any problem or complication resulting from the wound cleaning, ice packs, and pain medication prescribed.  Nor does the fact that a subsequent attack required a trip to the hospital mean the injuries observed and treated on September 18th automatically required the same treatment. That Plaintiff may have preferred different or more extensive treatment of his wounds on September 18th forms no basis for a constitutional claim of deliberate indifference against Defendants Johnson and Sims.

## II.     CONCLUSION

For the reasons set forth above, Plaintiff fails to state a claim upon which can be granted against Defendants Philbin, Tremble, Redd, Harmon, Platt, Johnson, or Sims. Accordingly, the Court **REPORTS** and **RECOMMENDS** these seven Defendants, along with any claims against Defendant Brown other than the medical deliberate indifference claim specifically described in a companion Order, be **DISMISSED** from this case.  In that companion Order, the Court directs service of process on Defendants Brown, Moss, Pryor,

Hall, Strawbridge, Jackson, Best, and Wisner for Plaintiff's Eighth Amendment deliberate indifference claims specifically delineated therein.

SO REPORTED and RECOMMENDED this 10th day of June, 2019, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA