IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KENDRICK R. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-212 |
| | ) | |
| EDWARD PHILBIN, Warden; TOMMY | ) | |
| TREMBLE, Deputy Warden of Security; | ) | |
| LARRY REDD, Assistant Deputy Warden | ) | |
| of Security; CLIFFORD BROWN, Unit | ) | |
| Manager over the 11-B area; ORBEY | ) | |
| HARMON, Captain, Chief of Security; | ) | |
| QUATERRIO MOSS, Prison Guard; | ) | |
| FREDRICK PRYOR, Prison Guard; | ) | |
| MS. HALL, Prison Guard; | ) | |
| LATOYA STRAWBRIDGE, Prison | ) | |
| Guard; MS. JACKSON, Lieutenant; | ) | |
| REGINA JOHNSON, Prison Nurse; | ) | |
| LARRY SIMS, Prison Doctor; MR. BEST, | ) | |
| Prison Guard; MS. WISNER, | ) | |
| Prison Guard; and, MS. PLATT, Facility | ) | |
| Investigator, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed, (doc. nos. 27, 28). The Magistrate Judge recommended dismissing Defendants Philbin, Tremble, Redd, Harmon, Platt, Johnson, and Sims, along with any claims against Defendant Brown other than the medical deliberate indifference claim stemming from a September 18, 2018 altercation at Augusta State Medical Prison ("ASMP"). As the Magistrate Judge explained, liability may not be imposed on supervisors based on *respondeat superior* or vicarious liability. (Doc. no.

24, pp. 5-8.) Nor does a mere disagreement between a prisoner plaintiff and prison medical officials over a course of treatment constitute a valid § 1983 claim. (Id. at 9-11.)

Nothing in Plaintiff's conclusory allegations in the objections satisfy the "extremely rigorous" standard necessary to hold the supervisory Defendants in this case liable. Cottone v. Jenne, 326 F.3d 1352, 1360-61 (11th Cir. 2003) (citations omitted). Likewise, Plaintiff's objection regarding the recommendation for dismissal of Defendants Johnson and Sims, ASMP medical personnel, is a repetition of the properly rejected argument that he preferred a different course of treatment after the September 18th altercation. See Hamm v. DeKalb Cty., 774 F.2d 1567, 1575 (11th Cir. 1985) ("Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." (citation omitted)).

Accordingly, the Court **OVERRULES** all of Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** Defendants Philbin, Tremble, Redd, Harmon, Platt, Johnson, and Sims, along with any claims against Defendant Brown other than the medical deliberate indifference claim stemming from the September 18th altercation. The case shall proceed against Defendants Brown, Moss, Pryor, Hall, Strawbridge, Jackson, Best, and Wisner as set forth in the Magistrate Judge's June 10, 2019 Order. (See doc. no. 26.)

SO ORDERED this _1st_ day of July, 2019, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2