IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KENDRICK R. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-212 |
| | ) | |
| EDWARD PHILBIN, Warden; TOMMY | ) | |
| TREMBLE, Deputy Warden of Security; | ) | |
| LARRY REDD, Assistant Deputy Warden | ) | |
| of Security; CLIFFORD BROWN, Unit | ) | |
| Manager over the 11-B area; ORBEY | ) | |
| HARMON, Captain, Chief of Security; | ) | |
| QUATERRIO MOSS, Prison Guard; | ) | |
| FREDRICK PRYOR, Prison Guard; | ) | |
| MS. HALL, Prison Guard; | ) | |
| LATOYA STRAWBRIDGE, Prison | ) | |
| Guard; MS. JACKSON, Lieutenant; | ) | |
| REGINA JOHNSON, Prison Nurse; | ) | |
| LARRY SIMS, Prison Doctor; MR. BEST, | ) | |
| Prison Guard; MS. WISER, | ) | |
| Prison Guard; MS. PLATT, Prison | ) | |
| Investigator; DONNA YOUNG, Mental | ) | |
| Health Director; LISA MAYO, Mental | ) | |
| Health Unit Manager; PATRICK WILLIAMS, | ) | |
| Clinical Director; CALVIN BROWN, | ) | |
| SMH TU Program Supervisor; JUDY | ) | |
| HAMILTON, Mental Health Unit Manager; | ) | |
| and RUTHIE SHELTON, Deputy Warden | ) | |
| of Care and Treatment,[1] | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

[1] The Court **DIRECTS** the **CLERK** to update the docket with the correct spelling of Defendant Wiser's name and the titles of Defendants Calvin Brown and Ms. Platt as they appear on the caption of this Report and Recommendation, which is consistent with the second amended complaint. (See doc. no. 45, p. 2.)

I.      BACKGROUND

Plaintiff, incarcerated at Valdosta State Prison, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). The Court screened the first amended complaint and directed service of process to be effected on eight Defendants based on claims of deliberate indifference to Plaintiff's safety and medical deliberate indifference. (See doc. no. 26.) Chief United States District Judge J. Randal Hall dismissed seven other Defendants, as well as any claims against Unit Manager Clifford Brown other than a single medical deliberate indifference claim. (See doc. no. 32.)

When Plaintiff filed a one-page motion to amend his amended complaint without providing any details of his proposed new claims, the Court explained Plaintiff may amend his amended complaint, but not in a piecemeal fashion. (See doc. nos. 38, 42.) The Court further explained that if Plaintiff intended to amend the controlling pleading, he must submit a complete second amended complaint that would supersede and replace entirely his original complaint. (Doc. no. 42, pp. 3-5.) The Court also warned Plaintiff that because the Court would screen any amended complaint, he risked having Defendants or claims dismissed if he left out or changed information contained in the first amended complaint. (Id. at 3-4.)

Plaintiff complied with the Court's instructions and has filed his second amended complaint, signed on September 16, 2019. (Doc. no. 45.) As the Court previously explained to Plaintiff, the amended complaint supersedes and replaces in its entirety the previous

pleading.  See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007).

The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  After a review of Plaintiff's second amended complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice.

## II.    PRISON LITIGATION REFORM ACT ("PLRA")

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the PLRA, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does

3

not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

To that end, the "Complaint for Violation of Civil Rights (Prisoner Complaint)" requires that prisoner plaintiffs disclose: (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have filed other lawsuits in state or federal court otherwise relating to the conditions of their imprisonment, and (3) the disposition of any such lawsuits. (Doc. no. 45, pp. 23-24.)  Under the question concerning whether a prisoner plaintiff has brought any lawsuits otherwise relating to the conditions of his imprisonment, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing the case, and the date of filing and disposition. (Id. at 24.)  If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id.)

## III.   DISCUSSION

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff certified he had not begun other lawsuits in state or federal court dealing with the same facts involved in this action. (Doc. no. 45, p. 23.)  However, in the second amended complaint, Plaintiff attempts to add a claim regarding his alleged improper mental health categorization against prison officials Edward Philbin, Ruthie Shelton, Donna Young, Lisa Mayo, Patrick Williams, and Calvin Brown. (Id. at 10 ¶ 46.)  In Martin v. Philbin, the Court screened Plaintiff's allegations concerning his placement in the Mental Health Program and Specialized Mental Health Treatment Unit Program at ASMP and determined he failed to state a claim for relief against these very same prison officials. CV 118-128, doc. no. 12 (S.D. Ga. Nov. 16, 2018). Upon receiving the Court's recommendation for dismissal in CV 118-128, Plaintiff moved to

4

voluntarily dismiss his claims prior to any final action by the District Judge, thus preventing Plaintiff from incurring a strike under § 1915(g).  Now, having filed a new lawsuit which made it past initial screening, Plaintiff again attempts to raise claims about his mental health category while affirmatively misrepresenting he has not begun other lawsuits dealing with these same facts.

Federal Rule of Civil Procedure 11(c) allows the Court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions."  Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 225 (11th Cir. 2011) (*per curiam*) Moreover, as has previously been explained to Plaintiff in a case filed in this District dismissed for providing dishonest information:

> The inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts.  Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding *in forma pauperis*).

Martin v. West, CV 616-118, 2016 WL 4771089, at *3 (S.D. Ga. Sept. 12, 2016) (citing Brown v. Saintavil, No. 2:14-CV-599, 2014 WL 5780180, at *3 (M.D. Fla. Nov. 5, 2014)), *adopted by* 2016 WL 6246879 (S.D. Ga. Oct. 24, 2016).

Plaintiff's habit of voluntarily dismissing cases after they have been screened and determined not to state a claim upon which relief can be granted, or after a defendant moves to dismiss a case in its entirety for failing to state a claim, demonstrates precisely why the accurate disclosure of prior filing history is so important.[2]  As the judge in Brown explained,

---

[2] In addition to Martin v. Philbin, CV 118-128 discussed above, in Martin v. Bobbitt, CV 616-117, doc. nos. 26, 36, 38 (S.D. Ga. Mar. 7, 2017), Plaintiff moved to voluntarily dismiss the case after Defendants filed a motion to dismiss and the Magistrate Judge recommended dismissal for failure to follow Court' directives and failure to prosecute .

"[I]t has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation. . . . Identification of prior litigation frequently enables the Court to dispose of successive cases without further expenditure of finite judicial resources."  2014 WL 5780180, at *3.  That is exactly what happened here when Plaintiff affirmatively misrepresented he had not filed another case concerning his mental health classification at ASMP even though he previously raised claims in CV 118-128 concerning his mental health level against the same individuals he is now attempting to add to this case.

The law is well-settled, "[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.  These rules provide for sanctions for misconduct and for failure to comply with Court orders."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  Plaintiff did not follow the rules when he failed to completely and truthfully answer the clear, unambiguous questions on the complaint form.  "A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence.  It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."  Strickland v. United States, 739 F. App'x 587, 588 (11th Cir. 2018) (*per curiam*); see also Jackson v. Fla. Dep't of Corrs., 491 F. App'x 129, 132 (11th Cir. 2012) (*per curiam*) (affirming dismissal without prejudice of *pro se* prisoner lawsuit for failing to disclose one case and failing to reveal one disclosed case had been dismissed for failing to state a claim and agreeing "dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion") (citing Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) and Kotzen v. Levine, 678 F.2d 140, 140 (11th Cir. 1982)).

6

In another example of dishonesty in the second amended complaint, Plaintiff identified nine lawsuits related to the conditions of his imprisonment.  However, the Court is aware of five other cases Plaintiff filed prior to submission of his September 16, 2019 second amended complaint but failed to disclose:  Martin v. Pryor, CV 119-147 (S.D. Ga. Sept. 9, 2019); Martin v. Emmons, 7:19-cv-150-HL-TQL (M.D. Ga. Sept. 5, 2019); Martin v. Sharp, 7:19-cv-149-HL-TQL (M.D. Ga. Sept. 5, 2019); Martin v. Emmons, 7:19-cv-119-WLS-TQL (M.D. Ga. Aug. 5, 2019); Martin v. Emmons, 7:19-cv-103-HL-TQL (M.D. Ga. July 11, 2019).  These multiple examples of dishonesty in the second amended complaint occurred despite, in this very case, the Court, when accepting a "plausible" explanation about undisclosed cases, previously warned Plaintiff, "The Court expects complete, full, and truthful information from Plaintiff in every filing.  *Plaintiff should not expect the Court to excuse any future misrepresentations*."  (Doc. no. 21, p. 2 (emphasis added).)

In light of these multiple failures to provided truthful information in the second amended complaint, and in accordance with the Eleventh Circuit's recognition of the importance of truthful disclosures by litigants, this case should be dismissed without prejudice as a sanction for abusing the judicial process.  See Rivera, 144 F.3d at 731; see also Strickland, 739 F. App'x at 587 (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and

thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by*, Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

## IV.   CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice as a sanction.

SO REPORTED and RECOMMENDED this 26th day of September, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA