IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KENDRICK R. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-212 |
| | ) | |
| EDWARD PHILBIN, Warden; TOMMY TREMBLE, Deputy Warden of Security; LARRY REDD, Assistant Deputy Warden of Security; CLIFFORD BROWN, Unit Manager over the 11-B area; ORBEY HARMON, Captain, Chief of Security; QUATERRIO MOSS, Prison Guard; FREDRICK PRYOR, Prison Guard; MS. HALL, Prison Guard; LATOYA STRAWBRIDGE, Prison Guard; MS. JACKSON, Lieutenant; REGINA JOHNSON, Prison Nurse; LARRY SIMS, Prison Doctor; MR. BEST, Prison Guard; MS. WISER, Prison Guard; MS. PLATT, Prison Investigator; DONNA YOUNG, Mental Health Director; LISA MAYO, Mental Health Unit Manager; PATRICK WILLIAMS, Clinical Director; CALVIN BROWN, SMH TU Program Supervisor; JUDY HAMILTON, Mental Health Unit Manager; and RUTHIE SHELTON, Deputy Warden of Care and Treatment, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed, (doc. nos. 48,

50). The Magistrate Judge recommended dismissing the case without prejudice as a sanction for Plaintiff providing dishonest information about his filing history. (See doc. no. 46.) Specifically, Plaintiff provided dishonest information about beginning other lawsuits dealing with the same facts, and he failed to disclose five lawsuits he had commenced prior to submitting his second amended complaint. (See id.)

As the case law in the Report and Recommendation makes clear, dishonesty in Court filings will not be tolerated and properly results in dismissal of this case. (See doc. no. 46, pp. 5-8.) Plaintiff has repeatedly been warned about the requirements for providing truthful information in Court filings, not only in this case, (see doc. no. 21, p. 2), but also in a prior case dismissed for providing dishonest information, see Martin v. West, CV 616-118 (S.D. Ga. Oct. 24, 2016). The Court finds no basis to depart from long-settled law that bad faith litigiousness or manipulative tactics warrants dismissal without prejudice. See Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997) (affirming dismissal of prisoner civil rights complaint as sanction for lying about indigency and history of abusing judicial process).

Moreover, Plaintiff's objections and motion to "vacate" his second amended complaint demonstrate a continued pattern of dishonesty and manipulative tactics. (Doc. nos. 48-50.) In his motion to "vacate" his second amended complaint, Plaintiff claims it will be too "complex" to pursue the mental health placement claim he requested to add (without disclosing it had been previously raised and rejected in a prior case), and claims he only requested to amend the first amended complaint with new evidence. (Doc. no. 49; see also doc. no. 50 (suggesting in objections mental health placement mentioned only for "major role" it played in "whole matter").) Of course, Plaintiff cited not only Fed. R. Civ. P. 15 in

2

his motion to amend, but also Fed. R. Civ. P. 19(a), which addresses joining a party. (See doc. no. 38, p. 1.) The second amended complaint named additional Defendants who were allegedly responsible for his "illegal" mental health category assignment at Augusta State Medical Prison. (Doc. no. 45, p. 10, ¶ 46.) Six of these added Defendants are the same individuals Plaintiff previously attempted to sue for their role in his mental health categorization in Martin v. Philbin, CV 118-128 (S.D. Ga. Aug. 17, 2018).[1]

Second, although Plaintiff is a seasoned litigator with over ten federal cases to his name, Plaintiff claims he did not know his undisclosed cases were "active," when he filed his second amended complaint. (Doc. no. 48, p. 1.) However, he also asserts he attached a letter to his second amended complaint identifying the undisclosed cases, and that letter provides the civil action numbers of the cases he supposedly did not know were "active." (Id., Ex. A.) This letter was not provided until *after* the Court identified the undisclosed cases. Additionally, it is disingenuous for Plaintiff to claim he did not know his cases were active when he filed his second amended complaint on September 16, 2019, yet also provide the case numbers in a letter supposedly written the very same day.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **DENIES** the motion to "vacate" Plaintiff's second amended complaint, (doc. no. 49), **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case without

---

[1]These Defendants include: Edward Philbin, Ruthie Shelton, Donna Young, Lisa Mayo, Patrick Williams, and Calvin Brown. Cf. CV 118-128, doc. no. 12 (S.D. Ga. Nov. 16, 2018) with CV 118-212, doc. no. 45, pp. 2, 10.

prejudice as a sanction for Plaintiff's abuse of the judicial process, and **CLOSES** this civil action.

SO ORDERED this 23rd day of October, 2019, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA